THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMÓN IBALDI-VALDEZ,

    **Petitioner,**

    v.

GARRET J. RIPA, et al.,

    **Respondents.**

**Civil No. 26-1046 (ADC)**

## MEMORANDUM AND ORDER

Before the Court is a "Corrected Emergency Motion Requesting Temporary Restraining Order" filed today, January 27, 2026, at 3:11pm, by the petitioner, Ramón Ibaldi-Valdez ("Mr. Ibaldi" or "petitioner"). **ECF No. 4**. Mr. Ibaldi requests that the Court temporarily enjoin the respondents[1] from transferring him out of this District Court's jurisdiction until they have been served and show cause why his petition for writ of habeas corpus seeking release on bond, also filed today, at 2:30pm, **ECF No. 1**, should not be granted.

Mr. Ibaldi's petition, which is verified by his counsel of record in accordance with 28 U.S.C. § 2242, alleges that he is a citizen and national of the Dominican Republic who has lived in Puerto Rico since he entered the United States without inspection or parole on or about January 1, 2016. **ECF No. 1** at ¶¶ 1, 22. He is alleged to have married his wife, a lawful permanent

---

[1] The respondents named in the petition are Garrett J. Ripa, Miami Field Office Director, Enforcement and Removal Operations (ICE/ERO); Todd Lyons, Acting Director U.S. Immigrations Customs Enforcement; Kristi Noem, Secretary of Homeland Security; and Pamela Bondi, Attorney General of the United States of America. **ECF No. 1**.

resident, who filed a petition for alien relative with the Untied States Citizenship and Immigration Services ("USCIS") on February 12, 2021, which was approved on October 3, 2022. *Id.*, at ¶ 19. Among other things, he is alleged to have no criminal history,[2] to pose no danger to the community, and to not present a flight risk. *Id.*, at ¶ 5. He is also alleged to have been arrested by Immigrations and Customs Enforcement ("ICE") on January 23, 2026, and to be presently detained at the ICE detention facility in Guaynabo, Puerto Rico. In his emergency motion, Mr. Ibaldi claims that he has been told that he will be transferred to Miami, FL on January 27, 2026. **ECF No. 4** at ¶ 1.

Mr. Ibaldi's claims that he is being held illegally without bond in respondents' custody pursuant to an erroneous understanding of 8 U.S.C. §§ 1225-26. He alleges that respondents have denied him any opportunity for a bond hearing before an immigration judge because they maintain that he is subject to mandatory detention under § 1225. **ECF No. 1** at ¶¶ 9, 21 n. 1 (citing § 1225(b)). Mr. Ibaldi claims that this is wrong as a matter of law, that he is being discretionarily detained under § 1226, and thus has the right to request a bond hearing. *Id.*, at ¶ 21 n.1 (citing § 1226(a)). He claims habeas relief because he is being detained in violation of his Due Process rights under the Fifth Amendment, U.S. Const. amend. V. *Id.*, at ¶¶ 29-30.

The Court has jurisdiction to review Mr. Ibaldi's habeas petition. *See García-Espinal v. Ripa, et al.*, No. CV 26-1039 (GMM), 2026 WL 184719, at *2 n.1 (D.P.R. Jan. 23, 2026) (citing 28

---

[2] The petition is accompanied by a Negative Certificate of Penal Record issued by the Puerto Rico Police Bureau on January 23, 2026, which attests to the absence on a penal record within the Bureau's Division of Penal Records. **ECF No. 1** at 28.

U.S.C. § 2241(c)(3)). Further, Mr. Ibaldi has alleged to have exhausted administrative remedies by filing a motion for bond. **ECF No. 1** at ¶ 31. That motion, the Court surmises, remains pending adjudication before the immigration judge. However, Mr. Ibaldi claims that respondents' position is that he is not entitled to a bond hearing and that the immigration judge has no authority to grant release on bond. *Id.*, at ¶ 22 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025)).

Fed. R. Civ. P. 65 allows the Court, in its discretion, to issue a preliminary injunction or a temporary restraining order ("TRO"). A TRO is "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for preliminary injunction…." 11A Wright, Miller & Kane, Federal Practice and Procedure § 2951 (3d ed. 2013). Under certain circumstances, the Court may issue a TRO *ex parte*, that is, "without written or oral notice to the adverse party or its attorney…." Fed. R. Civ. P. 65(b)(1). To determine whether to issue a TRO, the Court applies the same analysis used to evaluate a request for a preliminary injunction. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Accordingly, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (citing *Jean* v. *Massachusetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007). Where the government is the opposing party, the

balance of equities and public interest merge. *Does 1-6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021) (citation modified).

On the limited record before it, the Court finds that these discretionary factors are met. Mr. Ibaldi is likely to succeed on his claim that the respondents' position as to his detention status is wrong as a matter of law, that he is detained pursuant to 8 U.S.C. § 1226(a), and that he is thus entitled to, at the very least, a bond hearing. *See García-Espinal v. Ripa, et al.*, 2026 WL 184719, at *5; *see also Lora-Salazar v. Ripa, et al.*, Civ. No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026), at ECF No. 5 (issuing TRO based on the same arguments). Petitioner is likely to suffer irreparable harm in absence of a TRO because the "'irremediable' injury would be threefold: detention, removal from this Court's jurisdiction pending [Mr. Ibaldi's] habeas corpus proceedings; and the ensuing, imminent consequences that such removal would have on his person and his rights." *García-Espinal v. Ripa, et al.*, 2026 WL 184719, at *6. Likewise the balance of equities and public interest favors the issuance of the TRO: "[w]here a petitioner has demonstrated a likelihood that the Government's conduct is inconsistent with governing law, these factors weigh in favor of injunctive relief. . . . [T]here is no public interest in the enforcement of unlawful agency action. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 436 (2009); *Hernández-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Accordingly, the Court **GRANTS** Mr. Ibaldi's emergency motion at **ECF No. 4**.[3] Accordingly, respondents are temporarily **ENJOINED** from transporting or transferring Ramón Ibaldi-Valdez out of the jurisdiction of the District of Puerto Rico. By no later than February 2, 2026, respondents shall **SHOW CAUSE** in writing why Mr. Ibaldi's petition should not be granted. This order shall become effective as of its time and date of issuance and shall expire on February 11, 2026, at 11:59 p.m., without prejudice to it being extended for good cause.

A hearing is set for February 4, 2026, at 2:00 pm.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of January, 2026.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**

---

[3] Apart from *García-Espinal v. Ripa*, other Courts in this District have granted similar or identical relief. *See, e.g., Álvarez-Félix v. González-Ramos*, Civ. No. 26-1041 (RAM) (D.P.R. Jan. 23, 2026); Cruz-Santana v. González-Ramos, Civ. No. 26-1028 (GMM) (D.P.R. Jan. 22, 2026); *Lora-Salazar v. Ripa, et al.*, Civ. No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026).